NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERARDO SOLORIO MEJIA, AKA
Gerardo Solorio Torres; et al.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-71299

Agency Nos.   A078-756-910
A205-528-926
A205-528-927
A205-528-928

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2020
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[**] District
Judge.
Partial Dissent by Judge RAWLINSON

Petitioners Gerardo Solorio Mejia ("Solorio Mejia"), Adriana Tinajero

Hurtado, Wendi Guadalupe Solorio Tinajero, and Leiririana Solorio Tinajero

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

(collectively "Petitioners")[1] petition for review of the Board of Immigration Appeals' ("BIA" or "Board") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, deny it in part, dismiss it in part, and remand for further proceedings.

We review factual findings for substantial evidence and "uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review de novo questions of law. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). Failure of the agency to address a claim "constitutes error and requires remand." *Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("IJs and the BIA are not free to ignore arguments raised by a petitioner."); *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) ("[W]here there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand.").

1.      The IJ and BIA erred in this case by failing to address the record evidence and arguments regarding Solorio Mejia's fear of harm on account of an imputed political opinion. A petitioner can establish eligibility for asylum and withholding

---

[1] Gerardo Solorio Mejia is the lead petitioner. His spouse, Adriana Tinajero Hurtado, and children are derivative beneficiaries in his applications for relief.

of removal by showing that he fears persecution on account of an imputed political opinion. *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014). Here, Solorio Mejia presented evidence that he was targeted on this basis, and he argued the issue before the IJ and BIA.

Soloria Mejia first raised this claim in his pre-hearing statement, where he specifically argued that "[i]mputed political opinion can exist no matter what the applicant's actual opinion may be," and described how an anti-cartel viewpoint may have been imputed to him based on his actions and the notoriety of his family. He then testified that the cartel began to surveil and menace Petitioners within a few days of Solorio Mejia's visit to a state-run morgue where he left his name and contact information. He reasoned that the cartel had imputed to him a belief that he opposed them by reporting them to the state. Further, Wendi Solorio testified that she believed the cartel targeted her father and her family "because they thought that [her] dad had made a report or something because [he] went to look for [his missing brother] in jail."

Despite Solorio Mejia's argument and evidence that he feared persecution on account of an imputed political opinion, the IJ only analyzed whether Solorio Mejia faced or feared persecution on account of a political opinion which he held *directly*. And although Mejia Solorio properly raised his imputed political opinion claim on appeal, the BIA did not analyze it. Instead, the BIA purported to address

it by adopting and affirming the IJ's "finding that the record does not establish that anyone imputed a political opinion to [Solorio Mejia] and then sought to harm him due to that opinion," with a pincite to the IJ's opinion. But because the IJ *never addressed* Solorio Mejia's argument regarding *imputed* political opinion, the BIA did not cure the IJ's error by referencing and adopting the IJ's non-existent reasoning.[2]

Accordingly, we hold that the BIA abused its discretion in ignoring Solorio Mejia's arguments and record evidence that he feared persecution on account of an imputed political opinion, grant Solorio Mejia's petition for review, and remand to the BIA for consideration of this argument in the first instance.

**2.** Substantial evidence supports the BIA's determination that Solorio Mejia is not a member of the particular social group of "Mexicans who reported the cartels to the police" because he "did not actually lodge a report against the cartels with Mexican police." We therefore deny Solorio Mejia's petition for review of this particular social group claim.

---

[2] Indeed, the Board *could not* cure this error. The Board lacked authority to correct the IJ's failure to make a factual determination about whether the cartel imputed a political opinion to Solorio Mejia. *See Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013) ("If the IJ has left certain facts unresolved and the BIA believes that it cannot decide the case without them, it cannot make its own factual findings but instead 'must remand to the IJ for further factual findings.'" (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1173 (9th Cir. 2012))).

**3.**     We likewise deny Solorio Mejia's petition for review of his claim of membership in the particular social group of "family." The BIA properly determined that Solorio Mejia waived this argument because he did not raise it before the IJ. *See Honcharov v. Barr,* 924 F.3d 1293, 1296–97 (9th Cir. 2019). A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving us of jurisdiction to consider the issue. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We therefore dismiss this claim for lack of jurisdiction.

**PETITION FOR REVIEW GRANTED in part, DENIED in part, DISMISSED in part, AND REMANDED for further proceedings.**

***Solorio Mejia v. Barr*, Case No. 17-71299**
**Rawlinson, Circuit Judge, dissenting in part:**

I respectfully dissent from that portion of the disposition concluding that the record supports assertion of an imputed political opinion as the basis of a fear of harm for Petitioner Gerardo Solorio Mejia. The Board of Immigration Appeals (BIA) "affirm[ed] the Immigration Judge's finding that the record does not establish that anyone imputed a political opinion to [Solorio Mejia]." In response, Solorio Mejia argues that he "expressed opposition to the cartel criminal organization by manifesting resistance to them." However, this statement is devoid of any evidence that the cartel imputed a political opinion to him. Consequently, under the applicable standard of review, Solorio Mejia cannot prevail, because we are not compelled to reach a conclusion contrary to that of the BIA—that Solorio Mejia failed to establish on the record that anyone imputed a political opinion to him. *See Antonyan v. Holder*, 642 F.3d 1250, 1254 (9th Cir. 2011) (articulating the substantial evidence standard).

Critically absent from the record in this case is any evidence that members of the cartel were even aware of the actions relied upon by Solorio Mejia to assert political opposition, namely "[seeking] justice by looking for his brother in hospitals, jails and the state-run morgue." He also maintained that he "brought on

1

the wrath of the cartel by . . . leaving his name and contact information with the said state-run morgue" and "by evading . . . capture."  But, nowhere does Solorio Mejia assert that the cartel was aware of his activities or that he openly expressed disagreement with cartel ideology, voiced anti-cartel beliefs to any cartel member, or participated publicly in anti-cartel activities.  *Cf. id.* at 1255-56 (public testimony known to the persecutor); *Regalado-Escobar v. Holder*, 717 F.3d 724, 730 (remarking that the petitioner "offered no evidence to show that his attackers were even aware of his political beliefs").

The record in this case is bereft of any evidence of open opposition by Solorio Mejia, or any indication of the cartel's awareness of any opposition by Solorio Mejia.  Under this circumstance, one simply cannot say that the evidence compels a conclusion contrary to that reached by the BIA.  Tellingly, neither Solorio Mejia nor the majority cites a case with similar facts concluding that a viable imputed political opinion claim exists.  *Cf. Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (rejecting a future persecution claim when there was "no evidence in the record that [petitioners] were politically active or made any anti-gang political statements"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013).  Because the majority's analysis on this issue finds no support in our precedent, I respectfully dissent.

2